Samuel Hernandez            )   Case No. 10-40117
Blanca Hernandez            )
         Debtor(s)   )   Judge Jack B. Schmetterer
                            )
                            )   CHAPTER 13
_____)
                            )
Samuel Hernandez,           )
Blanca Hernandez            )
         Plaintiff   )
                            )   Adv. Pro. No. 10-02159
v.                          )
                            )
South Central Bank, National Association   )
Defendant

*Findings of Fact and Conclusions of Law*

## FINDINGS OF FACT

### A. The Parties

1. The Plaintiffs are Samuel Hernandez and Blanca Hernandez.

2. The Defendant is South Central Bank, National Association.

### B. Factual Background

1. On or about September 7, 2010 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 1532 S. Austin Blvd, Cicero, IL 60804

3. That Wells Fargo Financial Illinois holds a first mortgage lien on the real property commonly known as 1532 S. Austin Blvd, Cicero, IL 60804, with a secured claim of 356,595.57 pursuant to the proof of claim #4-1 filed on October 20, 2010 by Wells Fargo Financial Illinsoi.

4. The Defendant holds a second mortgage lien on the real property known as 1532 S. Austin Blvd in the approximate amount of $6,885.82 pursuant to Itemized statement prepare by Defendant on October 18, 2010.

5. That the Plaintiffs obtained an valuation of the property on prior to filing the Chapter 13 bankruptcy indicating the value of 1532 S. Austin Blvd, Cicero, IL 60804 as $80,961.00.

6. The first mortgage lien of Wells Fargo Financial Illinois is a secured claim based on the mortgage recorded on November 8, 2006 as document number 0631231083 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded April 3, 2008 as document number 0809446032 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $975 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On October 22, 2010 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 1532 S. Austin Blvd, Cicero, IL 60804.

11. That on October 22, 2010, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon Marc B. Grayson, President, South Central Bank, National Association, 525 West Roosevelt Rd, Chicago, IL 60607.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $80,961.00.

15. The first secured claim of Wells Fargo Financial Illinois in the amount of $356,595.57 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

**B. Argument**

1. This action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Wells Fargo Financial Illinois in the amount of 356,595.57 and the second secured claim of the Defendant in the amount of 7,013.26.

3. Wells Fargo Financial Illinois filed a proof of claim on October 20, 2010 for the amount of $356,595.57. Said claim is secured by a first mortgage on the Plaintiffs' property 1532 S. Austin Blvd, Cicero, IL 60804.

4. The Defendant filed a proof of claim on October 22, 2010 for the amount of $7,013.26. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $80,961.00.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Dated: 1/11/11

Enter:

United States Bankruptcy Judge

JAN 11 2011

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400
(3120294-4410 fax